IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Anthony Fred Martin, | ) | C/A No. 4:13-1568-DCN-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| v. | ) | |
| | ) | |
| Officer C. Blinkley, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Anthony Fred Martin ("Plaintiff"), a self-represented litigant, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) DSC. Plaintiff is an inmate confined at Perry Correctional Institution ("PCI"), and files this action *in forma pauperis* under 28 U.S.C. § 1915. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without the issuance and service of process.

**I.     Factual and Procedural Background**

Plaintiff alleges that defendant Blinkley "deliberately slammed" his elbow into Plaintiff's left elbow as they passed in a hallway on May 8, 2012. (ECF No. 1 at 3.) At the time of the incident, Plaintiff "was in the process of filing a civil action against [defendant's] co-worker" for a sexual assault. (Id.) Plaintiff asserts that the defendant's actions were in intended to provoke Plaintiff "so he could take me back to street court and prevent my civil action from going forward." (Id.). Plaintiff further asserts that he has received information that defendant "admitted to the battery, but stated on his incident report that he did it in a playful manner." (Id.). Plaintiff alleges "physical injury with attendant emotional consequences" and seeks monetary damages. (Id. at 4.)

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at 31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of

a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Further, Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a *pro se* complaint, the Unites States Supreme

Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678–79; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 679; Twombly, 550 U.S. at 555.

### 1.    **Cruel and Unusual Punishment**

Plaintiff alleges that the defendant's actions constitute cruel and unusual punishment. (ECF No. 1 at 2–3.) The Eighth Amendment prohibits punishments which "involve the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 103 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173 (1976)). However, the Eighth Amendment "does not mandate comfortable prisons," and, "[t]o the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347–49 (1981); see also Lopez v. Robinson, 914 F.2d 486, 490 (4th Cir.1990). "In order to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements-that 'the deprivation of [a] basic human need was objectively sufficiently serious,' and that 'subjectively the officials act[ed] with a sufficiently culpable state of mind.'" Shakka v. Smith, 71 F.3d 162, 166 (4th Cir. 1995) (quoting Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir.1993)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." De'Lonta v. Angelone, 330 F.3d 630, 634 (4th Cir. 2003); see also White v. Gregory, 1 F.3d 267, 269 (4th Cir. 1993) ("[A] prisoner must suffer 'serious or

significant physical or mental injury' in order to be 'subjected to cruel and unusual punishment within the meaning of the' Eighth Amendment.") (citation omitted).

In the instant action, Plaintiff asserts that defendant Blinkley acted with an "evil motive." (ECF No. 1 at 3.) However, Plaintiff provides no facts to demonstrate the extreme deprivation of any basic human need, Shakka, 71 F.3d at 166, or any facts to support his unadorned allegation of physical and emotional injury. Strickler, 989 F.2d at 1381; see also Iqbal, 556 U.S. at 677–78. Therefore, Plaintiff's cruel and unusual punishment claim is subject to summary dismissal.

### 2.     Retaliation

The law clearly states that "[r]etaliation by a public official for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper." American Civil Liberties Union, Inc. v. Wicomico County, 999 F. 2d 780, 785 (4th Cir. 1993). However, the Fourth Circuit has also mandated that claims of retaliation should be regarded with skepticism:

> [W]e believe that *in forma pauperis* plaintiffs who claim that their constitutional rights have been violated by official retaliation must present more than naked allegations of reprisal to survive § 1915(d). To hold otherwise would be to bring virtually every unpopular decision by state actors within the scope of a cause of action for retaliation.

Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994); see also Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996).

Thus, to state a claim of retaliation under § 1983, a plaintiff must "allege either that the retaliatory act was taken in response to the exercise of a constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d. 72 at 75. An inmate must also present more than

conclusory accusations of retaliation, id. at 74, and must provide facts that show the exercise of his constitutional right was a substantial factor motivating the retaliation. See Cochran 73 F.3d at 1318; Hughes v. Bledsoe, 48 F.3d. 1376, 1387 n. 11 (4th Cir. 1995). Finally, a plaintiff must show that he suffered some adverse impact on the continued exercise of his constitutional rights as a result of the retaliatory conduct. American Civil Liberties Union, 999 F.2d at 785.

In the instant action, Plaintiff claims that defendant Blinkley retaliated against Plaintiff for exercising his right to court access. (ECF No. 1 at 3.) However, the only fact Plaintiff provides to show a retaliatory motive is the timing of the defendant's conduct, which allegedly happened as Plaintiff was in the process of filing a civil complaint against the defendant's co-worker. (Id.) "[T]emporal proximity" between an inmate's exercise of a constitutionally protected activity and the alleged retaliatory action "is simply too slender a reed on which to rest" a § 1983 retaliation claim. Wagner v. Wheeler, 13 F.3d 86, 91 (4th Cir. 1993). Plaintiff's allegations of retaliation are speculative and insufficient to state a claim. Additionally, Plaintiff has filed several cases in this court since the alleged incident with defendant Blinkley.[1] Thus, Plaintiff fails to provide sufficient facts to show that the alleged retaliatory conduct has had an adverse impact on his continued access to the courts. Cochran, 73 F.3d at 1317. As such, Plaintiff's retaliation claim is subject to summary dismissal.

---

[1] See Martin v. Byers, et al., 0:12-2100-DCN-PJG (D.S.C. July 30, 2012) (pending § 1983 case alleging sexual harassment); Martin v. Byars, et al., 0:13-1016-DCN-PJG (D.S.C. Apr. 17, 2013) (pending § 1983 case alleging failure to investigate a sexual assault incident); Martin v. McCall, et al., 0:13-1567-DCN-PJG (D.S.C. June 12, 2013) (pending § 1983 case alleging cruel and unusual punishment).

**III.    Conclusion**

For the foregoing reasons, it is recommended that the Complaint be summarily dismissed without prejudice and without issuance and service of process, unless Plaintiff submits an Amended Complaint stating a plausible claim within the time period permitted for objections.


|  |  |
|---|---|
|  | s/Thomas E. Rogers, III |
| August 27, 2013 | Thomas E. Rogers, III |
| Florence, South Carolina | United States Magistrate Judge |

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).